UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

    Plaintiff,

v.

OLIVER, RICHARD DODMAN,
and MARY ZAMORA

    Defendants.
_____/

Case No. 2:23-cv-10655
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION (ECF No. 12)[1]

I.    Introduction

This is a prisoner civil rights case. Plaintiff Larry Harrison (Harrison), proceeding *pro se*, sues defendants Oliver, a doctor employed by Wellpath; Richard Dodman (Dodman), a Michigan Department of Corrections (MDOC) nurse; and Mary Zamora (Zamora), another MDOC nurse (Dodman and Zamora are collectively referred to as "MDOC defendants"). (ECF No. 1). Harrison alleges deliberate indifference to his medical needs and retaliation. (*Id*.). Under

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 15).

Before the Court is Harrison's petition for a preliminary injunction, (ECF No. 12), which the Court construes as a motion, to which MDOC defendants have responded, (ECF No. 17).[2] For the reasons set forth below, the undersigned RECOMMENDS that Harrison's petition for a preliminary injunction be DENIED.

## II. Legal Standard

In considering a motion for a preliminary injunction, the Court must weigh the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a preliminary injunction, (3) whether granting the preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunction. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). According to the Sixth Circuit, these "are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

---

[2] Harrison has also filed a petition seeking disqualification of MDOC defendants' counsel, (ECF No. 18); a motion to appoint counsel, (ECF No. 19); a motion for leave to file an amended complaint, (ECF No. 21), a motion for order, (ECF No. 28), and a proposal to obtain a consent decree, (ECF No. 29), which will be the subjects of a separate order.

III.    Application

As noted by MDOC defendants, all defendants were involved with Harrison's care while he was incarcerated at the St. Louis Correctional Facility (SLF).  Harrison is now housed at the Gus Harrison Correctional Facility (ARF) according to his complaint.  (ECF No. 1, PageID.3).  Furthermore, he alleges that his doctor was changed while at SLF from Dr. Oliver to Dr. Darrell Borrows.  (*Id.*, PageID.6-7).  Thus, Harrison is no longer in danger of irreparable harm from the named defendants and fails to satisfy the second factor in justifying a preliminary injunction.

"A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.  Without such a showing, the Court cannot issue a preliminary injunction." *Mount Clemens Inv. Grp. V. Borman's Inc.*, No. 10-12679, 2010 WL 3998095, at *4 (E.D. Mich. Oct. 12, 2010) (cleaned up).  Based on Harrison's failure to show continued irreparable harm, his motion for preliminary injunction should be denied.

MDOC defendants also argue that Harrison failed to address any of the other preliminary injunction factors.  As to the first, they say that Harrison did not make a clear showing that he will succeed on the merits.  For the third factor, they argue that he has not demonstrated that no one would be substantially harmed by an injunction, and that substantial harm would be impossible to determine given that

3

Harrison fails to make a specific request for relief. Finally, as to the fourth factor, MDOC defendants say there is no clear relief that would benefit the general public from granting Harrison's motion.

The undersigned agrees that Harrison has not satisfied his burden of showing a likelihood of success on the merits. *See, e.g.*, *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success."). As to the third factor, it is unclear how an injunction to provide Harrison with the relief he requests would cause substantial harm to others, but insofar as the named defendants can no longer provide this relief, it is irrelevant. Regarding whether the public interest would be served, this cannot be determined without knowing whether Harrison requests relief just for himself or for others similarly situated. On all four factors, Harrison has failed to meet the burdens considered when ruling on a motion for a preliminary injunction.

IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Harrison's petition for a preliminary injunction, (ECF No. 12), be DENIED.

Dated: August 24, 2023            s/Kimberly G. Altman
Detroit, Michigan                 KIMBERLY G. ALTMAN
                                  United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2023.

                                                       s/Carolyn Ciesla
                                                       CAROLYN CIESLA
                                                       Case Manager