UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

      Plaintiff,

v.

OLIVER, RICHARD DODMAN,
and MARY ZAMORA

      Defendants.

_____/

Case No. 2:23-cv-10655
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

## ORDER RESOLVING PENDING MOTIONS (ECF Nos. 18, 19, 21, 28, 29)[1]

### I.     Introduction

This is a prisoner civil rights case. Plaintiff Larry Harrison (Harrison),

proceeding *pro se*, sues defendants Oliver, a doctor employed by Wellpath;

Richard Dodman (Dodman), a Michigan Department of Corrections (MDOC)

nurse; and Mary Zamora (Zamora), another MDOC nurse (Dodman and Zamora

are collectively referred to as "MDOC defendants"). (ECF No. 1). Harrison

alleges deliberate indifference to his medical needs and retaliation. (*Id*.). Under

28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.

---

[1] Upon review of the parties' papers, the undersigned deems these matters
appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D.
Mich. LR 7.1(f)(2).

(ECF No. 15).

Harrison has filed a number of motions that are now pending before the Court. They are as follows: (1) petition seeking disqualification of MDOC defendants' counsel, (ECF No. 18), which the Court construes as a motion; (2) motion to appoint counsel (ECF No. 19); (3) motion for leave to file an amended complaint, (ECF No. 21); (4) motion compelling the Court to issue order; and (ECF No. 28); and (5) proposal to obtain a consent decree of all parties, (ECF No. 29).[2]

For the reasons set forth below, Harrison's consent decree proposal, (ECF No. 29), is STRICKEN, and his other pending motions are DENIED.

## II.    Procedural History

Below is a timeline of the relevant filings in this case:

- **March 21, 2023:**
  - Complaint (ECF No. 1)
- **June 6, 2023:**
  - Plaintiff's Petition for Preliminary Injunction (ECF No. 12)
- **June 23, 2023:**
  - MDOC defendants' Response to Petition for Preliminary Injunction (ECF No. 17)
- **June 30, 2023:**
  - Plaintiff's Motion Seeking Disqualification of the Assistant Attorney General (ECF No. 18)

---

[2] Harrison has also filed a petition for preliminary injunction, (ECF No. 12), that is the subject of a separate Report and Recommendation (R&R).

- **July 6, 2023:**
  - Plaintiff's Motion to Appoint Counsel (ECF No. 19)
- **July 12, 2023:**
  - Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 21)
- **July 14, 2023:**
  - MDOC defendants' Response to Motion to Appoint Counsel and Motion for Disqualification of Assistant Attorney General (ECF No. 23)
- **July 19, 2023:**
  - Plaintiff's Affidavit in Support of Motion for Leave to File Amended Complaint (ECF No. 24)
- **August 4, 2023:**
  - MDOC defendants' Response to Motion for Leave to File Amended Complaint (ECF No. 27)
- **August 22, 2023:**
  - Plaintiff's Motion Compelling the Court to Issue Order (ECF No. 28)
  - Plaintiff's Proposal to Obtain a Reasonable Consent Decree (ECF No. 29)[3]
  - Plaintiff's Brief re: Motion for Leave to File Amended Complaint (ECF No. 30)

III.   Motion Seeking Disqualification of the Assistant Attorney General (ECF No. 18)

In this motion, Harrison argues that based on Dodman and Zamora's alleged disregard of MDOC Policy Directives, they have forfeited the right to be represented by the Attorney General.  MDOC defendants respond that disqualification is an extreme remedy reserved for unethical attorney behavior, that

---

[3] As noted above, Harrison's motion compelling the Court to issue an order and his proposal to obtain a reasonable consent degree have not yet been fully briefed and will be the subject of a future order.

3

the Department of Attorney General is authorized to represent MDOC defendants

under M.C.L. § 14.28, and that Harrison has failed to articulate a cognizable reason

that counsel should be disqualified.

An accusation of wrongdoing is not a reason to disqualify the Attorney

General from representing MDOC defendants. *See King v. Gowdy*, No. 02-CV-

75136-DT, 2003 WL 27387837, at *2-4 (E.D. Mich. Aug. 7, 2003). As the *King*

court stated,

> Whether defendant is entitled to representation by the Michigan
> Attorney General is a matter of both state law and the contract between
> the State and its employees. Absent an independent basis upon which
> to disqualify the Attorney General applicable to all attorneys, such as a
> conflict of interest, this Court has no power to prevent the Attorney
> General from representing defendants and plaintiff has no standing to
> challenge that representation.
>
> * * *
>
> "[i]t has been long established that the Attorney General is the sole and
> proper legal representative of the State and its officers." *Humphrey v.
> Kleinhardt,* 157 F.R.D. 404, 405 (W.D. Mich. 1994) (citing cases).
> "This authority is vested in the Attorney General by both statute, see
> e.g., [M.C.L. §§ 14.28, 14.29, and 14.101]; and common law."
> *Humphrey*, 157 F.R.D. at 405. "The Attorney General's authority under
> statute and common law unquestionably gives him the right to act on
> behalf of the people of the State of Michigan in any cause or matter,
> such authority being liberally construed." *Id.* (citing *Michigan State
> Chiropractic Association v. Kelley,* 79 Mich. App. 789, 262 N.W.2d
> 676 (1977); M.C.L. § 14.28). "The Attorney General has determined
> that actions brought against state agencies for personal injury allegedly
> caused by state employees while acting in the course of their
> employment and within the scope of their authority are matters of
> serious concern to both state government and the public interest of
> Michigan." *Humphrey,* 157 F.R.D. at 405 (citing Op. Atty. Gen. 6295
> (May 15, 1985)). "[T]he authority of the Attorney General of the State
> of Michigan is to be liberally construed, and his discretion in

4

determining which matters are ones of appropriate concern should only be interfered with where his actions are found to be clearly inimicable to the people's interest." *Id.* (citing *Michigan State Chiropractic Association v. Kelley,* 79 Mich. App. 789, 262 N.W.2d 676 (1977)).

*Id*. at *4.

This matter clearly falls under the scope of the Attorney General representing state employees acting in the course of their employment. Harrison has presented no authority, and the undersigned is aware of none, that would render the Attorney General disqualified from representing defendants that are alleged to have violated MDOC Policy Directives. As such, Harrison's motion for disqualification is denied.

IV.    Motion to Appoint Counsel (ECF No. 19)

A.    Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

B.    Application

Harrison's arguments for appointment of counsel are vague, conclusory, and

5

do not differentiate his case from the litany of other *pro se* prisoner claimants that are not typically afforded counsel by the Court.  He cites "the complexity of the issues, the procedural posture of the case, and [his] apparent [in]ability to prosecute the action without the help of counsel."  (ECF No. 19, PageID.126).  However, this case is in the early stages, and is not particularly complex at this time.

Harrison has not alleged a unique or exceptional need for counsel at this time.  An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness."  *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017).  Factors such as indigency, imprisonment, and that the expertise of an attorney would help a plaintiff litigate the case "apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances."  *Juide v. Michigan Dep't of Corr.*, No. 2:16-13806, 2017 WL 4251753, at *2 (E.D. Mich. Sept. 26, 2017).

Harrison also refers to a "mental health crisis" without further explanation, and notes "life or death circumstances of his confinement" that are not readily apparent from the complaint, or even relevant to his case, which alleges past constitutional violations at a different facility from where he currently resides.  (*Id.*, PageID.126-127).  Amorphous claims of "serious mental health issues" are

6

not enough to warrant appointment of counsel.  *See Johnson v. Lalonde*, No. 4:19-CV-11268, 2019 WL 4166917, at *2 (E.D. Mich. Sept. 3, 2019).

Moreover, outside of the most exceptional cases, courts generally do not appoint counsel until after motions to dismiss or for summary judgment are decided.  *See Griffin v. Klee*, No. 2:14-CV-14290, 2015 WL 3407919, at *1 (E.D. Mich. May 27, 2015)*; Sigers v. Bailey*, No. 08-13298, 2009 WL 1617862, at *1 (E.D. Mich. June 9, 2009).  "In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided."  *Burns v. Brewer*, No. CV 18-10937, 2019 WL 13368510, at *1 (E.D. Mich. Apr. 10, 2019).  Should Harrison's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.  Accordingly, his motion for appointment of counsel is denied without prejudice.

V.    Motion for Leave to Amend the Complaint (ECF No. 21)

Harrison seeks to file an amended complaint regarding constitutional violations from defendants at ARF, where he is now incarcerated.  (ECF No. 21).  His affidavit outlines the dates of these new events, (ECF No. 24), but neither the motion nor affidavit include the original complaint's allegations in full.  Over a month later, Harrison filed a brief regarding his motion for leave to amend, which notes that the amended complaint mistakenly refers to the "negligence" of

7

defendants, whose acts he alleges go beyond negligence and rise to deliberate indifference.  (ECF No. 30).

### A.     Legal Standard

Amendments to pleadings before trial are governed by Federal Rule of Civil Procedure 15(a).  Harrison can no longer amend his complaint as a matter of course under Rule 15(a)(1); instead, he must proceed under Rule 15(a)(2) which requires either "the opposing party's written consent or the court's leave."  The rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' " *Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.' " *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.

1986)).

## B.    Application

As MDOC defendants note, Harrison's motion seeks to add five unrelated defendants at a separate facility regarding entirely separate allegations.  (ECF No. 27, PageID.216).  This is an impermissible misjoinder of parties.

"[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (citing Federal Rule of Civil Procedure 20) (internal quotation marks omitted).  "Courts may consider many different factors when considering whether civil rights claims arise from the same transaction or occurrence, including, the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations."  *Id*. (internal quotation marks omitted).

Here, every factor listed above weighs against the joinder of new defendants. Harrison's new claims are from a different time period, are unrelated, involve different individuals, and occurred at different facilities.  Furthermore, as MDOC defendants point out, many if not all of the allegations in Harrison's motion are so

9

recent that they cannot reasonably have been exhausted via the MDOC's grievance policy.

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion gives prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

The MDOC grievance process has three steps—an initial grievance and two appeals—before a grievance is considered properly exhausted. *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022). The consideration of a Step III appeal, alone, generally takes sixty days. *See Johnson v. Burt*, No. 1:20-cv-802, 2021 WL 3476449, at *3 (W.D. Mich. June 14, 2021), *report and recommendation adopted*, 2021 WL 3473483 (W.D. Mich. Aug.

10

6, 2021) (citing MDOC PD 03.02.130 ¶ II).

Due to the misjoinder of parties, and the exhaustion issue, Harrison's motion for leave to amend is denied.  Should Harrison wish to proceed with any claims regarding events at ARF, he should file a new case after exhausting his administrative remedies.

## VI.    Motion to Compel (ECF No. 28)

On August 22, 2023, Harrison filed a motion seeking to compel answers to his interrogatories and documents for his request to produce.  However, his discovery requests are premature.  "In *pro se* prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines." *Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020).  A scheduling order has not yet been filed.  Once a scheduling order is in place, Harrison may make discovery requests to defense counsel that adhere to the Federal Rules of Civil Procedure and the Local Rules.  If those requests are denied or not responded to within the appropriate timeframe, Harrison may then and only then motion the Court to compel discovery responses.  For now, Harrison's motion to compel is denied as premature.

## VII.    Proposal to Obtain Consent Decree (ECF No. 29)

Lastly, Harrison also filed on August 22, 2023 a proposal to settle the case

11

with defendants either through consent decree or privately.  This sort of discussion can occur between the parties but need not be filed on the docket.  *See McClafferty v. Portage Cnty., Ohio Bd. of Commissioners*, No. 5:19CV2219, 2021 WL 1214841, at *14 (N.D. Ohio Mar. 30, 2021), *aff'd in part, vacated in part, remanded*, 2021 WL 5755631 (6th Cir. Dec. 3, 2021) ("If Plaintiff wishes to make an unsolicited settlement demand, he should do so off the record.").  Therefore, Harrison's filing is hereby stricken.

## VIII.  Conclusion

For the reasons stated above, Harrison's petition seeking disqualification of MDOC defendants' counsel, (ECF No. 18), motion to appoint counsel (ECF No. 19), motion for leave to file an amended complaint, (ECF No. 21), and motion to compel, (ECF No. 28) are DENIED.  Harrison's proposal to obtain a consent decree between the parties, (ECF No. 29), is STRICKEN.

SO ORDERED.

Dated: August 24, 2023                    s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge


The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
