UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

    Plaintiff,

v.

                                                Case No. 23-cv-10655
                                                Honorable Linda V. Parker

OLIVER, RICHARD DODMAN, and
MARY ZAMORA,

    Defendants.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S AUGUST 24, 2023 REPORT AND RECOMMENDATION (ECF NO. 31), DENYING PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION (ECF NO. 12), AND AFFIRMING MAGISTRATE JUDGE'S ORDER RESOLVING PENDING MOTIONS (ECF NO. 32)</u>**

      Plaintiff initiated this pro se civil rights lawsuit on March 21, 203, asserting claims arising while Plaintiff was an inmate at the Michigan Department of Corrections St. Louis Correctional Facility (SLF).  Defendants are health care providers who treated Plaintiff at SLF.  The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 15.)

      The matter is presently before the undersigned on Magistrate Judge Altman's Report and Recommendation (R&R), dated August 24, 2023,

1

recommending the denial of Plaintiff's motion for preliminary injunction. (ECF No. 31.) Plaintiff filed objections to the R&R on September 15, 2023. (ECF No. 35.) Plaintiff's objections also appear to take issue with Magistrate Judge Altman's August 24 order denying Plaintiff's (a) request to disqualify the Michigan Attorney General from representing Defendants Richard Dodman and Mary Zamora, (b) motion to appoint counsel, (c) motion for leave to file an amended complaint, and (d) motion to compel. (ECF No. 32.)

## Standard of Review

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."

2

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Preliminary Injunction**

Magistrate Judge Altman recommends denial of Plaintiff's motion for preliminary injunction because Defendants were involved in Plaintiff's care only while he was housed at SLF and he is now housed at a different MDOC facility. (ECF No. 31 at Page ID 295.) Magistrate Judge Altman therefore concludes that Plaintiff is no longer in danger of irreparable harm from Defendants. (*Id.*)

Magistrate Judge Altman also finds that Plaintiff failed to satisfy the remaining preliminary injunction factors. (*Id*. at PageID 295-96.)

Plaintiff does not address Magistrate Judge Altman's findings or reasoning in his objections. Plaintiff's Complaint in fact alleges deliberate indifference to his need for better incontinent underwear and Defendants' failure to address that need while he was incarcerated at SLF. Among the facts alleged to support his claim is Plaintiff's assertion that Defendant Oliver refused to continue treating him. In response to the R&R, Plaintiff does not explain how Defendants remain involved in any decisions concerning his medical care or how their conduct threatens him and causes him continued irreparable harm.[1]

The Court therefore adopts Magistrate Judge Altman's recommendation and is denying Plaintiff's motion for preliminary injunction.

## Non-Dispositive Order

Plaintiff begins his second objection referring to Magistrate Judge Altman's ruling on his motion for appointment of counsel. However, the discussion that follows does not explain how the ruling was contrary to law or factually erroneous. Plaintiff's narrative discusses his request for single-cell accommodation but that

---

[1] In his first objection, Plaintiff refers to his concerns with Defendant Oliver treating him via telemedicine from her St. Louis office while Plaintiff was at the Carson City Correctional Facility. (ECF No. 35 at PageID 329.) This fact has no bearing on the claims in Plaintiff's Complaint or the allegations in his motion for preliminary injunction. It also does not offer a basis to find that Defendant Oliver threatens Plaintiff with harm now that he is housed at the Earnest C. Brooks Correctional Facility in Muskegon.

has nothing to do with the allegations in his pending Complaint much less his asserted need for counsel in the current action.

The remaining narrative in Plaintiff's filing discusses his claimed need for a single-cell accommodation and other treatment unrelated to the allegations in this lawsuit. As Magistrate Judge Altman explains, those allegations are not related to Defendants, arose at a different period of time, and involve different facilities. They are not properly joined in this action. Additionally, Plaintiff likely has not exhausted his administrative remedies with respect to those allegations.

For these reasons, Plaintiff fails to show any error in Magistrate Judge Altman's non-dispositive ruling.

Accordingly, the Court rejects Plaintiff's objections to Magistrate Judge Altman's August 24 R&R, adopts the recommendations in the R&R, and denies Plaintiff's motion for preliminary injunction. (ECF No. 12.) The Court also affirms Magistrate Judge Altman's August 24 order.

**SO ORDERED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: October 23, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 23, 2023, by electronic and/or U.S. First Class mail.

                                                          s/Aaron Flanigan
                                                          Case Manager