UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

    Plaintiff,

v.

OLIVER, RICHARD DODMAN,
and MARY ZAMORA

    Defendants.
_____/

Case No. 2:23-cv-10655
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

## ORDER RESOLVING PLAINTIFF'S MOTION TO COMPEL (ECF No. 38)[1]

### I.    Introduction

This is a prisoner civil rights case. Plaintiff Larry Harrison (Harrison), proceeding *pro se*, is suing defendants Oliver, a doctor employed by Wellpath; Richard Dodman (Dodman), a Michigan Department of Corrections (MDOC) nurse; and Mary Zamora (Zamora), another MDOC nurse (Dodman and Zamora are collectively referred to as "the MDOC defendants"). (ECF No. 1). Harrison alleges deliberate indifference to his medical needs and retaliation. (*Id*.). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

(ECF No. 15).

Before the Court is Harrison's motion to compel discovery to all defendants. (ECF No. 38). He seeks documents regarding the discontinuation of his single cell and toilet accommodations by "Dr. Charles Jamson" on October 19, 2018. (*Id.*). Oliver and the MDOC defendants have filed separate responses. (ECF Nos. 42, 43). For the reasons that follow, the MDOC defendants shall produce any responsive documents in their possession within thirty days of entry of this order.

## II.  Legal Standard

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court. Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order

of the same is overruled only if the district court finds an abuse of discretion."). Discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### III. Discussion

#### A. Parties' Arguments

As noted above, motions to compel are to be filed if a party is not complying with discovery requests. Fed. R. Civ. P. 37(a)(3)(B) states that a party may move to compel if another party fails to answer a question at deposition, to answer an interrogatory, or to produce a requested document. Defendants point out that Harrison did not make a discovery request for the documents in question prior to filing this motion. The MDOC defendants also note that Harrison has not followed Local Rule 37.2, which requires a verbatim recitation of his discovery request and defendants' responses, if any.

In addition, the MDOC defendants say that they do not need to provide the requested documents because Harrison is able to obtain his own medical records under MDOC Policy Directive 03.04.108 and Operating Procedure 03.04.108-B.

3

Thus, the documents are available to Harrison and production through discovery would be unnecessarily cumulative.

### B. Ruling

Defendants are correct that a motion to compel is improper before the documents have been requested through discovery. However, the Court recognizes that Harrison is a *pro se* litigant and that discovery is still open but closes on December 27, 2023. Under these circumstances, the most efficient course of action is for defendants to treat Harrison's motion, (ECF No. 38), as a request for production of documents, and to serve him with a discovery response within thirty days of this order. The MDOC defendants may object to production of some or all of Harrison's requests. Regarding the MDOC defendants' argument that Harrison already has access to his medical records, the Court notes that Harrison's requests may go beyond documents available in his medical records, and orders that they not withhold production of requested documents for this reason.

## IV. Conclusion

For the reasons stated above, the MDOC defendants shall provide a discovery response to the documents requested in Harrison's motion to compel, (ECF No. 38), within thirty days of entry of this order. Production shall not be

4

declined on the basis that Harrison has access to his medical records through MDOC regulations.

SO ORDERED.

Dated: November 14, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2023.

s/Deborah Tofil for Carolyn Ciesla  
Case Manager