UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

     Plaintiff,                   Case No. 23-cv-10655
                                   Honorable Linda V. Parker

v.

SHARON OLIVER, RICHARD
DODMAN, and MARY ZAMORA,

     Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION"

Plaintiff commenced this civil rights lawsuit against Defendants on March 21, 2023, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment and retaliation in violation of the First Amendment. The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 48, 53, 55.) On July 19, 2024, Magistrate Judge Kimberly G. Altman, to whom this case was referred for all pretrial matters, entered a report and recommendation (R&R) in which she recommended that the Court grant Defendants' motions and deny Plaintiff's motion. (ECF No. 59.) The deadline for Plaintiff to file objections to the R&R was August 5. *See* Fed. R. Civ. P. 72(b)(2) (providing that objections must be filed within 14 days of service); Fed. R. Civ. P. 6(d) (extending deadline to act after service by three days when service is by mail).

No objections were received by the Court by the August 5 deadline. On August 12, this Court issued an opinion and order adopting Magistrate Judge Altman's recommendations (ECF No. 60) and a Judgment (ECF No. 61). On August 13 and again on September 10, the Clerk's Office received objections from Plaintiff, which he had signed and dated August 5.[1] (ECF Nos. 62, 63.) Pursuant to the "prison mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 270 (1988), Plaintiff's objections were therefore timely filed.

Before the Court had the opportunity to consider whether Plaintiff's objections warranted reconsideration of its previous decision, Plaintiff filed a "motion for reconsideration" pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 64.) In the motion, Plaintiff argues that his objections were timely and demonstrated genuine issues of material fact rendering summary judgment in Defendants' favor improper. (*Id.*) While the Court must now consider Plaintiff's objections to Magistrate Judge Altman's R&R, it concludes that the objections do not warrant a different outcome in this case.

In his objections, Plaintiff fails to articulate specific errors in the magistrate judge's analysis that, if corrected, warrant a different outcome. "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if

---

[1] The two documents are identical.

corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015)) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  For the reasons articulated by Magistrate Judge Altman, this Court agrees that there are no genuine issues of material fact, and that Defendants are entitled to summary judgment on Plaintiff's deliberate indifference and retaliation claims.

Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 60(b) motion (ECF No. 64) is **DENIED**.

                              s/ Linda V. Parker
                              LINDA V. PARKER
                              U.S. DISTRICT JUDGE

Dated: December 17, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 17, 2024, by electronic and/or U.S. First Class mail.

                              s/Aaron Flanigan
                              Case Manager

3